COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



DANIEL TAYLOR,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00334-CR



Appeal from the


120th District Court


of El Paso County, Texas


(TC#20080D01487)


MEMORANDUM OPINION


 Daniel Taylor attempts to appeal his conviction for driving while intoxicated third or more. 
Finding that Appellant has no right to appeal, we dismiss the appeal.

 Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

 A defendant in a criminal case has the right of appeal under Code of Criminal
Procedure article 44.02 and these rules. The trial court shall enter a certification of
the defendant's right of appeal each time it enters a judgment of guilt or other
appealable order. In a plea bargain case-that is, a case in which a defendant's plea
was guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant-a defendant may
appeal only:


 (A) those matters that were raised by written motion filed and ruled
on before trial, or


 (B) after getting the trial court's permission to appeal.


 Tex.R.App.P. 25.2(a)(2).


 Appellant filed a timely pro se notice of appeal, which included the trial court's certification
of his right to appeal as required by Rules 25.2(a)(2) and 25.2(d). The certification, signed by the
trial court, indicates that the case is a plea-bargain case, and Appellant has no right to appeal. 
Accordingly, we dismiss the appeal.


 GUADALUPE RIVERA, Justice


January 15, 2009


Before Chew, C.J., McClure, and Rivera, JJ.


(Do Not Publish)